# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6950 | **DATE** | 3/28/2001 |
| **CASE TITLE** | Kenneth Gray vs. City of Chicago et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/9/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The motion (Doc 7-1) to dismiss is granted in part and denied in part. All claims against the Chicago Police Department are dismissed with prejudice and the Police Department is ordered stricken from the case caption. Count I is dismissed as to all parties to the extent it is based on violations of Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution, with the exception of those claims based on allegations of racial profiling. All claims for punitive damages against the City, and the claims for attorneys fees on Counts II and III, are also dismissed. Defendants given to April 17, 2001 to answer the complaint. All other pending motions are denied. All discovery to be completed by August 9, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | MAR 2 9 2001 number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH GRAY,                )
                             )
            Plaintiff,       )
                             )
    vs.                      )    00 C 6950
                             )
CITY OF CHICAGO, et al.,     )
                             )
            Defendants.      )

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of Defendant City of Chicago (the "City") to dismiss portions of the complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

For purposes of the motion to dismiss, we must accept the well-pleaded allegations of the complaint as true. On three occasions in November 1998, December 1998, and March 1999, unknown officers of the Chicago Police Department (the "Police Department") arrested Plaintiff Kenneth H. Gray on an outstanding DUI warrant for a man by the name of Kenneth R. Gray. On each occasion, Plaintiff informed the arresting officers that he was not Kenneth R. Gray, that Kenneth R. Gray

had a different middle name than Plaintiff, and that Kenneth R. Gray had a different driver's license number than Plaintiff. At the time of the March 1999 arrest, Plaintiff additionally showed the police officers a court order stating that he was not the person wanted on Kenneth R. Gray's warrant. Nevertheless, after each stop the officers placed Plaintiff in custody, where he remained until an Illinois court dismissed the charges against him.

Plaintiff alleges that on all three occasions, the officers arrested him without probable cause and without an arrest warrant or a search warrant in his name. He attributes his arrests to practices and patterns of the City and/or the Police Department, including: (1) inadequately correcting and keeping accurate records of court-generated information regarding incorrectly executed warrants for dissemination to its police officers in the field; (2) failing to train police officers to fully identify persons before arrest pursuant to warrants and to follow the Cook County court's orders; and (3) inadequately supervising and training police officers, including failure to require appropriate in-service training and re-training of officers who make arrests without probable cause, thereby failing to discourage constitutional violations by police officers. Plaintiff further alleges that on each occasion he was stopped because of his race, African-American, pursuant to a practice and pattern of the City and/or the Police Department.

On November 3, 2000, Plaintiff filed suit against the City, the Police Department, and unnamed Chicago Police officers individually and in their official capacities. The complaint alleges violations of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. It also contains state law claims for malicious prosecution, false arrest, and false imprisonment. The City has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss portions of Count I of the complaint, as well as the requests for punitive damages and for attorneys fees on Counts II and III.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Associates, Inc. v. Chicago Housing Authority, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California,

509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

## DISCUSSION

### I. Claims against the Chicago Police Department

Plaintiff has sued the City of Chicago and the Chicago Police Department on identical grounds. The Police Department is not a suable entity, but merely a department of the City of Chicago which does not have a separate legal existence. See Jones v. City of Chicago, Department of Police, 505 F. Supp. 1 (N.D. Ill. 1980) (citing Ellis v. City of Chicago, 478 F. Supp. 333 (N.D. Ill. 1979)); Bonilla v. City Council of City of Chicago, 809 F. Supp. 590 (N.D. Ill. 1992). The claims against the Chicago Police Department are therefore dismissed and the name stricken from the caption.

### II. § 1983 claims against the City of Chicago

Section 1983 "is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S Ct. 2689, 2694, n. 3 (1979) (quotation marks omitted). The first step in analyzing a § 1983 claim is to identify the specific constitutional right allegedly infringed. Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 1870

(1989). In paragraphs 7, 8, and 9 of the complaint, Plaintiff alleges various violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The City acknowledges that the complaint states a Fourth Amendment claim but contends that all claims under the Fifth and Fourteenth Amendments should be dismissed.

## A. Racial profiling

The City moves to dismiss Plaintiff's Fourteenth Amendment claims to the extent they are based on his claim that the City has a practice and pattern of racial profiling of African-American motorists and citizens, whereby police officers stop and/or arrest African-American citizens based on their race. The City argues that the complaint fails to allege a causal link between the alleged policy of racial profiling and the police misconduct of which Plaintiff claims to be a victim. We disagree. Paragraph 8 of the complaint expressly alleges that on each of the occasions when Plaintiff was stopped by the Defendant police officers, he was stopped because he was black. In combination with the allegation in Paragraph 10(a) that the City had a practice and pattern of racial profiling whereby police officers stop African-Americans based on their race, this is sufficient to state a constitutional claim.

Plaintiff's contention that he was arrested because his name was similar to the name on an outstanding DUI warrant does not, as the City argues, undermine his claim

that he was stopped and/or arrested on the basis of his race. Cf. Henderson v. Sheahan, 196 F.3d 839 (7th Cir. 1999) (plaintiff can plead himself out of court by pleading facts that undermine allegations in complaint). Though it may be difficult for Plaintiff to prove in light of the unique circumstances under which he was arrested, that is a matter of evidence but not one of pleading. Because Plaintiff's claim could be established with facts consistent with the allegations in the complaint, we decline to dismiss the racial profiling claim at this juncture. See Spiegel v. Rabinovitz, 121 F.3d 251, 254 (7th Cir. 1997).

## B. Other § 1983 claims

In addition to the racial profiling claim, the complaint purports to state § 1983 claims for various other violations of Plaintiff's equal protection and due process rights as guaranteed by the Fifth and Fourteenth Amendments. In particular, Plaintiff alleges in Paragraph 9 that the Defendant police officers, acting pursuant to policies and practices of the City and/or the Police Department, deprived Plaintiff of his liberty without due process of law and denied his right to equal protection of the laws by arresting him, making misleading statements in his prosecution, and causing false

criminal charges to be brought against him. The City moves pursuant to Rule 12(b)(6) to dismiss these claims.[1]

In § 1983 actions, "[m]unicipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents." Auriemma v. Rice, 957 F.2d 397, 399 (7th Cir. 1992). Thus in order to state a legally cognizable § 1983 claim against the City, Plaintiff must allege that (1) he suffered a constitutional injury; and (2) the City authorized or maintained a custom of approving the unconstitutional conduct. Thompson v. Boggs, 33 F.3d 847, 859 (7th Cir. 1994). The City argues that Plaintiff has failed to allege any cognizable constitutional injury, other than racial profiling, under the Fifth and Fourteenth Amendments to the Constitution.

There is no substantive right under the Due Process Clause of the Fourteenth Amendment to be free from arrest or criminal prosecution except upon probable cause. Albright v. Oliver, 510 U.S. 266, 114 S. Ct. 807 (1994); Williams v. Heavener, 217 F.3d 529, 531 (7th Cir. 2000) (malicious prosecution); Smart v. Board of Trustees of the University of Illinois, 34 F.3d 432, 434 (7th Cir. 1994) (malicious prosecution);

---

[1] Although the City does not move to dismiss the claims against the police officer defendants in their individual capacities, the principles outlined in this section apply equally to those claims.

Patton v. Przybylski, 822 F.2d 697 (7th Cir. 1987) (citing McKinney v. George, 726 F.2d 1183, 1187 (7th Cir. 1984) and Olson v. Tyler, 771 F.2d 277, 280 (7th Cir. 1985)) (false arrest). Plaintiff's claims – that the officers arrested him without probable cause, made misleading statements in his prosecution, and caused false criminal charges to be brought against him – are classic false arrest and malicious prosecution claims. To the extent that Plaintiff seeks relief for this alleged misconduct under principles of substantive due process, therefore, his claims are not viable and are dismissed.

Nor can Plaintiff state a procedural due process claim arising out of his arrests or prosecutions. Illinois provides adequate state law tort remedies for false arrest and malicious prosecution. Indeed, Counts II and III of Plaintiff's complaint seek relief under those Illinois doctrines. Because "a victim of a property or liberty deprivation who has recourse to an adequate state remedy has not been denied 'due process of law,'" Guenther v. Holmgreen, 738 F.2d 879, 882 (7th Cir. 1984), cert. denied, 469 U.S. 1212, 105 S. Ct. 1182 (1985) (citing Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981)), we dismiss Plaintiff's § 1983 claim to the extent it alleges a procedural due process violation.

Finally, the only colorable equal protection claim which can be gleaned from the complaint is the racial profiling claim discussed in Part I.A., above. Accordingly, to the extent that Plaintiff seeks relief for any other alleged violations of his rights under

the Equal Protection Clause of the Fourteenth Amendment, or under any other constitutional provision, those claims are dismissed.

### III. Punitive damages

Plaintiff's claims for punitive damages against the City are improper. Punitive damages are not recoverable against a municipality in a Section 1983 suit. <u>City of Newport v. Facts Concerts</u>, 453 U.S. 247, 271, 101 S. Ct. 2748 (1981). Municipalities are similarly immune from awards of punitive damages under Illinois law. <u>See</u> 745 ILCS 10/2-102. Accordingly, all punitive damages claims against the City are stricken from the complaint.

### IV. Attorneys fees

Under Illinois law, a prevailing party may not recover attorneys fees in the absence of statutory or contractual authorization. <u>Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.</u>, 882 F.2d 221, 227 (7th Cir. 1989) (citing <u>Kerns v. Engelke</u>, 76 Ill.2d 154, 28 Ill. Dec. 500, 506, 390 N.E.2d 859, 865 (1979)). As Plaintiff's claims for attorneys fees on Counts II and III of the complaint do not appear to be based on any statutory or contractual provision, those claims are dismissed.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. All claims against the Chicago Police Department are dismissed with prejudice

and the Police Department is ordered stricken from the case caption. Count I is dismissed as to all parties to the extent it is based on violations of Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution, with the exception of those claims based on allegations of racial profiling. All claims for punitive damages against the City, and the claims for attorneys fees on Counts II and III, are also dismissed.

Charles P. Kocoras
United States District Judge

Dated: March 28, 2001