| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | | | | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6950 | **DATE** | 11/6/2001 |
| **CASE TITLE** | Gray vs. City of Chgo et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to extend time to file a sur-reply is denied for the reasons stated in open court. **ENTER MEMORANDUM OPINION:** We grant the City's motion (Doc 18-1) for summary judgment. Ruling set for November 7, 2001 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 08 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 NOV -6 PM 4:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH GRAY, )
)
        Plaintiff, )
)
vs. ) 00 C 6950
)
THE CITY OF CHICAGO, )
) **DOCKETED**
        Defendant. )
NOV 0 8 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Defendant City of Chicago's motion for summary judgment. For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff Kenneth H. Gray ("Gray") was arrested on three different occasions by three different pairs of arresting officers on a warrant issued for another man, Kenneth R. Gray. The arrests occurred in November 1998, December 1998, and March 1999. Each time, Gray informed the officers that he was Kenneth H. Gray, not Kenneth R. Gray. After his second arrest, Gray obtained an order from the Cook County Circuit Court stating that he was not the man identified in the warrant. He showed the order

to the arresting officers when he was stopped the third time, but he was still taken into custody.

Gray filed an action in this court based on 42 U.S.C. § 1983 on November 3, 2000. On March 29, 2001, we dismissed all claims except the sections of Count I relating to racial profiling and the state law portions of Counts II and III. Gray v. City of Chicago, 159 F. Supp. 2d 1086 (N.D. Ill. 2001). The City now moves for summary judgment of the claims that survived the motion to dismiss. Gray has filed no response.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 312, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The

court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With these principles in mind, we turn to the City's motion.

## DISCUSSION

### I. Count I

Count I of the complaint claims that the City deliberately maintains and enforces a policy of racial profiling that causes police officers to violate the constitutional rights of African-American citizens like Gray. Municipal liability for constitutional torts cannot be based merely on the existence of a practice by city employees. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166, 113 S.Ct. 1160, 1162 (1993). Rather, the plaintiff shoulders the difficult burden of showing that the municipality officially sanctioned the unlawful practice. McNabola v. Chicago Transit Authority, 10 F.3d 501, 510 (7th Cir. 1993). This stamp of approval can be shown through the actual existence of a policy, or it can be inferred from

deliberate indifference to the action of the municipal employees. <u>McCormick v. City of Chicago</u>, 230 F.3d 319, 324 (7th Cir. 2000).

As the moving party, the City bears the initial burden of showing that no genuine issue of material fact exists. Under Local Rule 56.1, any facts asserted by the moving party are admitted if not controverted by the nonmoving party. Because Gray did not respond to the motion to controvert the City's facts, we must deem them admitted.

The City has several policies that specifically state that race shall not be a basis for police action. Def.'s Stmt. of Uncontested Facts, paras. 19-24, 26-31. In addition, when a person is arrested, the validity of the warrant is verified through a central computer system. <u>Id.</u> at para. 20. If a question as to the identity of the arrestee arises, it is checked against the information in the warrant by a watch commander and a desk sergeant. <u>Id.</u> at paras. 23, 24. With these facts, the City meets its burden of showing no genuine issue of material fact. The burden therefore shifts to Gray.

To defeat summary judgment, Gray must demonstrate an issue of fact as to the existence of official pronouncements contrary to those stated above or indifference on the part of the City. We note that it is particularly troubling that the order issued by the Circuit Court did not prevent Gray from being taken for the man for whom the warrant issued, but that is a single act, insufficient to support an inference of official indifference. <u>Jackson v. Marion County</u>, 66 F.3d 151, 152-53 (7th Cir. 1995).

Although we must draw all reasonable inferences in favor of Gray, he has advanced no evidence upon which a jury could find that the City officially sanctioned a practice of racial profiling that led directly his multiple mistaken arrests or that it was deliberately indifferent to an unlawful practice. Based on the record before us, we must conclude that municipal liability does not lie and the City is entitled to judgment as a matter of law on Count I.

## II. Counts II and III

Our prior opinion dismissed the federal components of Counts II and III. Gray v. City of Chicago, 159 F. Supp. 2d 1086, 1090 (N.D. Ill. 2001). Only the state tort bases of those counts remain. The city contends that these claims are time-barred, and we agree. The applicable Illinois statute provides that any civil action against a local entity, arising out of common law, statutes, or the Illinois constitution, must be filed no later than one year from the date of the injury. 745 ILCS 10/8-101. Actions in false arrest and malicious prosecution actions are based in the common law, and such actions brought against a local entity such as the City would thus need to be brought within the one-year limit. Gray's final arrest took place on March 28, 1999. Even though the complaint at one instance says that Gray's final arrest was in March 2000, that is contradicted by the plaintiff's deposition, the affidavit of Lieutenant Ronald Sodini, and the City's uncontroverted statement of facts. The statute of limitations for this

action therefore expired on March 27, 2000. Gray filed his complaint in November 2000 and his state-law claims are time barred. We concluded that the city is entitled to summary judgment as to Counts II and III.

## CONCLUSION

For the foregoing reasons, we grant the City's motion for summary judgment.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:  November 6, 2001